IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LAMONT WALKER,

                Plaintiff,

v.                                                ORDER

BURTON COX, S. ANDERSON, A. MCLEAN,         15-cv-293-jdp
LUNDE, B. EDGER, and SGT. SHERMAN,

                Defendants.

---

Plaintiff Lamont Walker is a prisoner in the custody of the Wisconsin Department of Corrections currently housed at the Wisconsin Secure Program Facility, located in Boscobel, Wisconsin. I previously allowed plaintiff to proceed on claims that defendant prison officials have failed to provide him with treatment for a H. pylori bacterial infection. Dkt. 17. I denied plaintiff leave to proceed on a claim against then-defendant Warden Gary Boughton for failing to rectify the unsanitary conditions that plaintiff believes caused his condition. *Id*. Plaintiff has filed a motion for reconsideration of that decision, an amended complaint adding new claims, several motions pertaining to discovery, and a motion to recruit counsel.[1]

ANALYSIS

**A. Motion for reconsideration**

I stated the following in dismissing plaintiff's claim against Boughton:

> The problem for plaintiff is that his belief that he developed the infection from unsanitary conditions is complete speculation. *See, e.g., Helicobacter Pylori Infections*,

---

[1] Plaintiff has also filed several motions for the court to rule on his previously filed motions, Dkt. 46, 51, 56, and 57, all of which I will grant.

> https://www.nlm.nih.gov/medlineplus/helicobacterpyloriinfections.html (last visited Dec. 14, 2015) ("It may be spread by unclean food and water, but researchers aren't sure."); *Helicobacter pylori and Peptic Ulcer Disease; The Key to Cure*, http://www.cdc.gov/ulcer/keytocure.htm (last visited Dec. 14, 2015) ("Since the source of H. pylori is not yet known, recommendations for avoiding infection have not been made."). Plaintiff does not provide any concrete allegations making it reasonable to infer that the water is tainted, and Warden Boughton cannot be held liable on a claim for deliberate indifference for a condition without a proven cause. Therefore, I will dismiss plaintiff's claim against Boughton.

Dkt. 17, at 5. Plaintiff seeks reconsideration of this decision, providing a printout from healthline.com suggesting that H. pylori infections could be transferred from contact with feces, Dkt. 18-1. He also provides a copy of the letter he sent to Boughton suggesting that prisoners are provided with a shared bucket of cleaning solution used to wipe down cells *and* to clean a toilet brush, and that "[t]his is recycling other prisoners' bacteria such as fecal matter." This does not give me reason to reconsider plaintiff's previous contention that the water supply itself is tainted, but he has now described a plausible mechanism by which the bacteria could be spread through unsanitary prison practices. Accordingly, I will grant plaintiff's motion for reconsideration and allow him to proceed with a claim against Boughton.

B.  Amended complaint

Plaintiff has filed a motion for leave to amend his complaint, Dkt. 35, along with a proposed amended complaint, Dkt. 36. I conclude that it is early enough in the lawsuit for plaintiff to add these claims without prejudicing defendants, so I will grant his motion for leave to amend.

In his new allegations, plaintiff states that he requested a bland diet as a way of dealing with the chronic gastritis he suffers as a result of his exposure to bacteria. Defendant

Nurse Sonya Anderson and proposed new defendant Health Services Manager Jolinda Waterman instructed plaintiff to "self select" items from his meals. Construing plaintiff's allegations generously, I take him to mean that he is not eating enough using this method to receive an adequately nutritious diet. Accordingly, I conclude that plaintiff has stated an Eighth Amendment claim against defendants Anderson and Waterman. *See Mays v. Springborn*, 575 F.3d 643, 648 (7th Cir. 2009) ("Under the Eighth Amendment, a prisoner's diet must provide adequate nutrition . . . .").[2]

## C. Motions to compel

Plaintiff has filed two motions to compel defendants to produce an array of documents. In his first motion, he seeks, among other items, "all Inmate Offender Complaints, First-step and Second-steps that [were] filed at Wisconsin Secure Program Facility," "all Inmates Health Service Requests with responses from 2010-2015," and "Segregation Medical well-check documentation used to keep track of what inmate interacted with the plaintiff and the defendants listed in this civil matter." Dkt. 30, at 1-2.

These requests are very broad. Defendants have objected to many of these requests as overly broad but have surmised that plaintiff actually seeks records directly pertaining to him and say that they have made those documents available to him, as the DOC routinely does in prisoner cases.[3] Even in his reply, plaintiff does not provide specific objections to defendants'

---

[2] Plaintiff notes that he is not a diet specialist, which is somewhat beside the point of this claim. One assumes that plaintiff can accurately pick the bland foods out of his meals.

[3] Defendants also state that some of plaintiff's requests are from his second request for production of documents and that they were in the process of processing those requests at the time of their response. It is understandable that plaintiff would move to compel production of documents concerning his second request, because defendants' 30-day deadline to respond to the second set had just passed (the deadline was May 22, 2016). Defendants ultimately responded on June 3. I will address plaintiff's lingering objections to defendants'

responses or a better explanation of precisely what he seeks. Rather, he quibbles with the date of defendants' response to his motion, which was indeed a day late—the court set a deadline of May 31, 2016, for defendants' response and defendants actually responded on June 1. Plaintiff has filed a separate motion to grant his motion to compel on the basis of defendants' late reply, Dkt. 44, and he seeks sanctions, *see* Dkt. 43.

I will deny plaintiff's motion to compel and his motion for sanctions because he does not adequately explain the basis for his substantive problems with defendants' responses and because it appears that defendants have made the relevant documents available to plaintiff. Defendants' late response is not egregious enough to warrant sanctions, although I expect defendants to be more prompt in the future. Plaintiff may renew his motion if he finds that the documents defendants have made available are not adequate, but he will need to explain with particularity what he seeks and why he objects to defendants' response. And he will not be able to force defendant to turn over extremely broad categories of documents such as "all inmate complaints."

In his second motion, plaintiff seeks responses to various interrogatories but does not explain why defendants' stated objections are incorrect. As for his request for production of documents, some of what plaintiff seeks (like defendants' position descriptions and nursing protocols) have either been provided to him or are available in the prison library.

Plaintiff also seeks the identities of other prisoners with H. pylori. Although this court may have the power to order the state to provide confidential medical information of other prisoners, it is hard to envision a scenario where I would do so, for reasons that are obvious.

---

June 3 response in discussing his second motion to compel. I remind defendants of their obligation to respond to plaintiff's discovery requests within 30 days.

These records are confidential. Plaintiff would likely be quite upset if another prisoner tried to obtain his private medical information without his knowledge for use in a different lawsuit. Plaintiff does not explain why such information is crucial to his case, so he falls far short of showing that this would be the type of unique, extreme case in which it would make sense to even consider having the state release this information. If plaintiff knows other prisoners who have H. pylori infections, he is free to ask for their assistance in testifying on his behalf.

As with some of his initial requests, plaintiff seeks categories of information that are simply too broad. He asks for a year's worth of "unit log entries," but defendants state that it would take between 40 and 50 hours of staff time to redact those records, and it is unclear why plaintiff needs them. They have provided plaintiff with the entries for April 4, 2015, the day on which there was an incident where staff responded to plaintiff vomiting blood. This discrete set of entries is the type of information that plaintiff could reasonably expect defendants to produce in discovery. He should limit further requests to smaller sets of documents like this.

Plaintiff also seeks video recordings from the prison. One of his requests is for months' worth of footage, which is far too broad of a request. His other request is for footage from April 4, 2015, which is a reasonable request, but defendants say that no such footage exists. Plaintiff responds that defendants have already admitted that there are cameras that would have recorded the incident. Based on previous cases involving these types of issues, I suspect that the reason for the recording's non-existence is prison policy regarding limited storage resources. But defendants do not explain why the recording does not exist. Although I will deny plaintiff's motion to compel, I will direct defendant to explain to plaintiff and the court why there is no recording available for the events in question.

5

### D. Motion for depositions

Plaintiff has filed a document titled "Request for Oral Deposition," Dkt. 40. Plaintiff does not need a court order to conduct depositions, but he does need to give notice to the people he wishes to depose, and request subpoenas for any non-party he wishes to depose. *See* Rule 30(a)(1). He also needs to arrange for an oath-administering officer to be present, recording, and transcription. Plaintiff asks the court to "appoint a stenographer and/or audio visual equipment," but this court has no authority to waive the costs of the arrangements associated with holding a deposition, even for someone proceeding *in forma pauperis*. Accordingly, I will deny that request.

### E. Recruitment of counsel

Plaintiff has renewed his motion for recruitment of counsel. Dkt. 33. Plaintiff has already shown that he has made reasonable but unsuccessful efforts to locate counsel on his own. He must still demonstrate that his case is one of those relatively few in which it appears from the record that the legal and factual difficulty of the case exceeds his ability to prosecute it. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). Although the case may end up involving medical issues too complex for plaintiff to litigate himself, I am not yet convinced that this is the case. If it becomes clear from further proceedings that the case is too complex for plaintiff, he is free to renew his motion. I will deny his current motion without prejudice.

ORDER

IT IS ORDERED that:

1. Plaintiff Lamont Walker's motions for a ruling on his pending motions, Dkt. 46, 51, 56, and 57, are GRANTED.

2. Plaintiff's motion to reconsider the court's screening order, Dkt. 18, is GRANTED. Plaintiff is GRANTED leave to proceed on an Eighth Amendment claim against defendant Gary Boughton for failing to address plaintiff's concern about insanitary cell conditions.

3. Plaintiff's motion for leave to amend his complaint, Dkt. 35, is GRANTED. Plaintiff is GRANTED leave to proceed on Eighth Amendment claims against defendants Sonya Anderson and Jolinda Waterman for failing to provide him with adequate nutrition.

4. The clerk of court is directed to add defendants Boughton and Waterman to the caption. The state shall inform the court whether it agrees to accept service on behalf of these defendants.

5. Plaintiff's motions to compel discovery, Dkt. 30 and 47, motion to grant the first motion to compel based on defendants' late response, Dkt. 44, and motion for sanctions, Dkt. 43, are DENIED.

6. Plaintiff's motion to "appoint a stenographer and/or audio visual equipment," Dkt. 40, is DENIED.

7. Plaintiff's motion for recruitment of counsel, Dkt. 33, is DENIED without prejudice.

Entered August 9, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge