IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LA'MONT WALKER,

                        Plaintiff,

  v.

BURTON COX, SONYA ANDERSON,
ANGELA MCLEAN, KELSEY LUND, BETH EDGE,
MICHAEL SHERMAN, GARY BOUGHTON, and
JOLINDA WATERMAN,[1]

                        Defendants.

ORDER

15-cv-293-jdp

---

Plaintiff La'Mont Walker is a prisoner in the custody of the Wisconsin Department of Corrections currently housed at the Wisconsin Secure Program Facility, located in Boscobel, Wisconsin. I previously allowed Walker to proceed on claims that defendant prison officials have failed to provide him with treatment for a H. pylori bacterial infection, subjected him to unsanitary conditions that Walker believes caused his condition, and failed to provide him with adequate nutrition given his stomach problems.

Walker has filed several motions, including two motions to compel discovery, a motion for preliminary injunctive relief concerning his diet, and a motion for assistance in recruiting counsel. I will deny all of these motions. The parties have also filed dueling motions for summary judgment, but I conclude that to fully litigate Walker's claims at this stage, the parties should submit supplemental briefing with regard to Walker's diet and the alleged unsanitary conditions.

---

[1] I have amended the caption to reflect the parties' full names and their proper spellings.

A.  Motions to compel

I previously denied two motions to compel discovery filed by Walker. Now he has filed third and fourth motions. Dkt. 70 and Dkt. 79. In his third motion, he seeks a copy of defendant Angela McLean's disciplinary file regarding medical negligence or misconduct. Defendants say that McLean has indeed been disciplined in some way, and that they intend to produce those documents in redacted form subject to a protective order. The parties then stipulated to a protective order that the court approved. *See* Dkt. 75 and Dkt. 78. Walker has not pressed this issue further, and he appears to have included disciplinary material with his summary judgment filings, so I assume that the state has turned these materials over, subject to the protective order. The third motion is denied as moot.

In his fourth motion, Walker does not specify particular items he needs or explain how defendants' responses are deficient; he simply attaches a copy of defendants' responses to his first set of requests for production of documents to defendants Gary Boughton and Jolinda Waterman. Defendants point out that their responses show either that they have already provided him with materials, or they explain how materials would be made available for him to copy. Because Walker fails to explain the problems he has with defendants' discovery response, I will deny the fourth motion. In his reply, Walker brings up an entirely different set of requests for production of documents. But that is not the proper focus of a reply brief, so I will disregard these issues.

B.  Preliminary injunction

Walker has filed a motion for preliminary injunctive relief, seeking an order enjoining defendants Nurse Sonya Anderson, Nurse Beth Edge, and Health Services Manager Waterman from violating his rights by refusing him "an adequate medical special diet"

2

compatible with his Gastroesophageal reflux disease (GERD). Dkt. 66, at 1-2. Walker states that Anderson and Waterman denied his request for a bland diet, that Edge intentionally referred Walker's requests to Waterman because she knew Waterman would deny them, and that Waterman removed Walker from his "no citrus diet."

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original) (internal quotations omitted). To obtain preliminary injunctive relief, Walker must demonstrate: (1) that he has a better-than-negligible chance of success on the merits; and (2) that he has no adequate remedy at law and that he would suffer irreparable harm without preliminary relief. *Promatek Indus., Ltd. v. Equitrac Corp.*, 300 F.3d 808, 811 (7th Cir. 2002), *as amended*, (Oct. 18, 2002). Once these two preliminary elements are satisfied, Walker must then show that the harm he would suffer without the injunction would outweigh the harm that the state would suffer if the injunction issued. *Id*. He must also show that the public interest would not be negatively affected by the injunction. *Id*. The stronger Walker's case on the merits, the less the balance of harms needs to tip in favor of him to support the injunction. *Id*.

In addition to the usual requirements and standards, the Prison Litigation Reform Act requires that preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *see also Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012) (noting the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prison officials have broad

administrative and discretionary authority over the institutions they manage") (internal quotation marks and citations omitted).

Defendants did not respond to the preliminary injunction motion, but both sides have further developed the diet issue in their summary judgment materials. Even considering these expanded materials, Walker does not make the clear showing necessary for the extraordinary step of enjoining prison officials in this instance. In August 2016, I allowed Walker to amend his complaint to include a claim that defendants Anderson and Waterman forced Walker to "self select" items from his meals. Dkt. 59, at 2-3. I took Walker to mean that he was not eating enough using this method to receive an adequately nutritious diet. But the record is devoid of evidence showing whether Walker was harmed in this way. Waterman says that Walker actually gained eight pounds between January and August 2016, but as Walker points out, she does not cite to any medical records or other evidence in support of that statement. Nonetheless, it is *Walker's* burden to show that he has a likelihood of success on his Eighth Amendment claims and that he faces irreparable harm, and he does not set forth facts bolstering the theory that he is failing to receive adequate nutrition.

Rather, I take him to be arguing that the diet actively harms him because he is forced to eat foods that exacerbate his GERD symptoms. But he does not explain why this is so. The theory underpinning the self-selection strategy is that Walker can identify which foods to avoid. Walker does not explain whether identification of the correct foods to eat is a problem, or whether he can identify the problematic items but has no choice but to eat them because there is not enough nutrition or caloric intake in the non-problematic foods to sustain him. He does not explain when or how often he regurgitated food, or what other

4

symptoms he encountered when forced to use a self-selection diet. Nor does he explain whether the symptoms went away when he had the "no citrus, no spicy food" restrictions.

Rather than set out the facts explaining the effectiveness of the self-selection method, Walker focuses on Wisconsin Administrative Code § 309.23(4), which states, "Consistent with available resources, inmates who require a modified diet for medical reasons shall be provided with such a modified diet." Walker argues that defendants, in particular Waterman, violated that rule by discontinuing orders for a "no citrus" or "no spicy foods" diet. But violation of prison rules is not in itself a violation of the Eighth Amendment, and as discussed above, Walker does not clearly explain how he was harmed by the switch to self-selection, so he fails to show how Waterman or any other defendant acted with deliberate indifference. Therefore, I will deny Walker's motion for preliminary injunctive relief.

As stated above, I considered the parties' summary judgment materials along with Walker's relatively brief preliminary injunction materials. After examining these materials, I am concerned that the summary judgment record does not contain enough detail to be able to tell whether there are disputed issues of material fact on the diet issue.

Both sides rely heavily on documents showing the history of Walker's dietary restrictions. But the fact that he was placed on and then taken off restrictions is not all Walker needs to show to prove his claims. Because it is Walker's burden to put on evidence showing that he can prove his claims, he needs to explain how the self-selection diet hurt him. As discussed above, he needs to explain in more detail why the self-selection diet was inadequate beyond just that it may have violated the administrative code. He also needs to better explain how he knows that defendants Waterman, Anderson, and Edge were personally involved in the decisions to remove his restrictions.

5

Defendants' submissions are not much clearer. In their brief-in-chief, they say that Waterman discontinued Walker's "no citrus" restriction, Dkt. 98, at 5, but their proposed findings of fact (and attached medical records) state that a non-defendant nurse practitioner discontinued it. Dkt. 99, at 32. Defendants state that Waterman issued a "no citrus" dietary order on August 28, 2016, *id*., but that order is dated August 2, Dkt. 102-1, Exh. 1001, at 5. They do not explain why Waterman appears to have ordered only a "no citrus" restriction after the doctor issued both "no citrus" *and* "no spicy food" restrictions. They do not explain whether there is sufficient nutrition and caloric content in meals if a prisoner like Walker has to self-select only those foods that do not trigger his GERD. And as stated above, defendants do not explain how they know that Walker has been gaining weight.

Because my summary judgment ruling would benefit from clarification of the issues discussed above, I will direct the parties to submit supplemental briefing (and if necessary, supplemental proposed findings and supporting evidence) on the diet issue. Because that supplement briefing will run into the trial date, I will strike the remaining deadlines and trial date and reset them should the case survive summary judgment.

## C.  Unsanitary conditions

There is another issue that needs to be more fully briefed. Walker brings a claim that defendant Warden Boughton was deliberately indifferent to the risk of spread of bacteria through unsanitary sharing of cleaning supplies. Walker alleged that Boughton disregarded his warning that prisoners are provided with a shared bucket of cleaning solution used to wipe down cells and to clean a toilet brush, and that "[t]his is recycling other prisoners' bacteria such as fecal matter." Dkt. 18-2 at 1.

Defendants submit proposed findings of fact explaining how cleaning supplies are distributed to prisoners. In particular, they state that although prisoners share toilet brushes, those brushes are soaked between uses in a bactericidal disinfectant called Virex. Walker does not dispute the material parts of the procedure provided by defendants, but he does elaborate on a part not made clear by defendants: he states that the cleaning rags prisoners are given to clean the rest of their cells are soaked in the same bucket of Virex used to disinfect the toilet brushes.

Presence of bacteria aside, the question whether cleaning rags share a bucket with toilet brushes raises the potential Eighth Amendment concern that prisoners are being forced to clean their cells with rags soaked in the same bucket as the toilet brushes. This seems unsanitary no matter how powerful Virex is.

But just as defendants' proposed findings are somewhat vague about how the brushes and rags are stored, Walker does not explain how he knows about the practice of keeping the brushes and rags in the same bucket. It is undisputed that the brushes and rags are passed through the trap of the cells, and Walker does not explain whether he has actually seen the brushes and rags in the same bucket.

When the parties submit their supplemental materials regarding Walker's diet claim, they should also submit materials clarifying how the cleaning rags are distributed. In particular, defendants should explain whether they dispute that the rags are kept in the same bucket as used toilet brushes, and Walker should explain how he knows that the brushes and rags are kept in the same bucket.

**D. Recruitment of counsel**

Walker asks for the court to recruit him counsel "for discovery purposes 'only,'" Dkt. 72, at 1. He states that he cannot afford to make copies of all the documents the state has made available to him. But the point of recruiting counsel is not to subsidize a prisoner's litigation efforts. And his concerns are contradicted by the record; he has submitted hundreds of pages of prison-related documents in support of his claims.

Walker is also concerned about his ability to litigate complex medical issues that require expert testimony. Although this case does in part involve Walker's medical treatment, I am not yet convinced that the case will boil down to complex medical issues. It may instead come down to Walker's and defendants' firsthand accounts of the relevant events. I will deny Walker's motion for the time being.

After the parties submit the supplemental briefing discussed above, I will consider the parties' dueling motions for summary judgment. If those materials make clear that recruitment of counsel is necessary, I will reconsider Walker's motion. But for now, he should focus on providing supplemental summary judgment briefing.

ORDER

IT IS ORDERED that:

1. Plaintiff La'Mont Walker's motions to compel discovery, Dkt. 70 and Dkt. 79, are DENIED.

2. Plaintiff's motion for recruitment of counsel, Dkt. 72, is DENIED without prejudice.

3. Plaintiff's motion for preliminary injunctive relief, Dkt. 65, is DENIED.

4. Defendants may have until April 19, 2017, to submit a supplemental brief and any evidentiary materials necessary to resolve the issues raised in this order

regarding plaintiff's claims regarding diet and unsanitary conditions. Plaintiff may have until May 10, 2017, to submit a supplemental response. Defendants may have until May 22, 2017, to file a reply.

5. The remainder of the schedule, including the trial date, is STRICKEN.

Entered March 30, 2017.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge